# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THOMAS KELLEY,

      Plaintiff,           CIVIL ACTION NO. 08-CV-10448-DT

vs.

                                DISTRICT JUDGE DENISE PAGE HOOD

STEVE MCLAIN,           MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** Defendants' Motion for Summary Judgment filed on April 28, 2008 (docket no. 15) should be **GRANTED**, and this action should be dismissed.

**II. REPORT:**

    *A.    Facts and Procedural History*

Plaintiff is a Michigan state prisoner incarcerated at the Parnall Correctional Facility who brought this action pursuant to 42 U.S.C. § 1983 alleging that Defendant prison food service workers are subjecting him to cruel and unusual punishment in violation of the Eighth Amendment because of the type of food they are serving him at the prison. (Docket no. 1 at 8). Defendants are Steve McLain, food service supervisor; Andre Wright, assistant food service supervisor; Judy Potter, food steward; Rick Johns, food steward; and Janice Tripp, food steward. (*Id.* at 1, 4). Defendants move for summary judgment arguing that they simply adhered to policy by providing Plaintiff with the diet approved for him. (Docket no. 15). Plaintiff filed a Response. (Docket no. 16). Plaintiff also filed a Motion to Amend his Complaint to seek injunctive relief in addition to the damages he seeks

in the original complaint. (Docket no. 17). All pretrial matters have been referred to the undersigned for decision. (Docket no. 6). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Plaintiff's Motion to Amend will be denied by separate Order entered contemporaneously with this Recommendation. Defendants' Motion for Summary Judgment is now ready for ruling.

The determinative facts in this action are not in dispute. Plaintiff is allergic to fish, pork, and onions. (Docket no. 16, ex. A). He was transferred to Parnall Correctional Facility in September 2004. (*Id.*). In January 2005 he was placed on a low sodium diet detail. (*Id.*). Thereafter, he was switched to a "reflux" diet detail which contained no onions. (*Id.*). Defendants Tripp and Potter told Plaintiff that no substitutions of meal items were possible on medical diets and that he would have to take the meal trays as provided. (*Id.*). On one occasion a physician verbally instructed Defendant Johns to allow a substitution to Plaintiff's reflux diet due to Plaintiff's allergies, and Defendant Johns complied. (*Id.*). In August 2006, on Plaintiff's request, he was placed on a kosher diet. (*Id.*). Although he was temporarily taken off the kosher diet line for eating from the regular diet line, Plaintiff was reinstated to the kosher diet line in February 2007. (*Id.*). His kosher diet includes items that contain fish and/or onions. Although on some occasions food service workers allow Plaintiff to substitute foods on the kosher diet line, on most occasions substitutions are not allowed. (*Id.*). Plaintiff contends that his being served items with fish and onions has resulted in "weight loss and mildly diminished health due to caloric deficiency and a lack of adequate nutrition." (Docket no. 1 at 8).

Prison policy dictates that therapeutic diets are ordered by physicians, physician's assistants, and dentists based on the prisoner's health needs. (Docket no. 15, ex. B (MDOC Policy Directive

04.07.101) ¶ A). All such diets must be "served as prescribed." (*Id*.). In addition, prison policy provides that religious meals, such as the kosher meals provided to Plaintiff, are approved by corrections administrators. (Docket no. 15, ex. C (MDOC Policy Directive 05.03.150) ¶ QQ). Once a prisoner is approved for a religious meal, he is not allowed to eat from the regular menu. (*Id*. ¶ TT). Food service staff members are not allowed to alter the therapeutic diets or kosher diets. (Docket no. 15, ex. D).

Plaintiff concedes that prison "policy may indicate that Defendants should not alter medically approved therapeutic diets or religious diets." (Docket no. 16 at 5). Plaintiff also agrees that the kosher diet is regulated by the MDOC central office and that his kosher diet detail "does not provide for substitutions." (*Id*. at 5-6). According to Plaintiff, however, prison policy and in particular the kosher meal detail "could have been amended to allow for substitutions." (*Id*. at 6). Plaintiff contends that Defendants acted in bad faith when they refused to allow substitutions of menu items containing food to which Plaintiff is allergic. (*Id*. at 8).

    B.    *Governing Law*

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on

which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The Eighth Amendment in situations not involving criminal penalties proscribes the unnecessary and wanton infliction of pain. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977). An Eighth Amendment claim has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that the pain be sufficiently serious. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To satisfy the subjective component, a plaintiff must show that the prison official had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. Such a state of mind requires that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id*. at 837. For conditions of confinement such as those at issue in this action, deliberate indifference shows the requisite subjective component. *Id*. at 834.

C. *Analysis*

Plaintiff has failed to show that a genuine issue of material fact exists on the question of whether Defendants violated his Eighth Amendment rights with regard to his prison diet. He first has failed to establish the objective component of such a violation by showing that the pain he is suffering or may suffer is sufficiently serious. Risks found to be sufficiently serious are those such as serious damage to an inmate's future health by exposure to high levels of secondary smoke and serious injury or death by ignoring an inmate's suicidal tendencies. *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994).

Plaintiff has not explained how his alleged food allergies affect him. There is no showing that his allergies present a serious medical need.

Plaintiff has also failed to establish the subjective component of an Eighth Amendment claim. He has failed to show that any Defendant was deliberately indifferent to his allergies and any problems they may cause. The evidence is that prison policy prohibits Defendants from altering the menu items for Plaintiff's therapeutic and kosher diet details. Defendants also are not responsible for selecting the items served on these diet details. Plaintiff faults Defendants for following the prison policy governing their duties. His complaint is that prison policy does not allow substitutions for menu items on his therapeutic or kosher diet details. The food service workers such as Defendants reasonably rely upon the physicians, physician assistants, and dentists to prescribe the appropriate therapeutic diet for an inmate. They reasonably rely upon the kosher diet created by other prison officials to be safe for inmate consumption and to provide the necessary calories to maintain an inmate's health. There is no showing that Defendants failed to serve Plaintiff foods in compliance with the diets that he was prescribed. Plaintiff alleges that he showed food service workers medical papers purporting to substantiate his claims of food allergies. (Docket no. 16, ex. A at 4). However, nothing shows that Defendants were authorized to alter Plaintiff's diet based on such evidence from a prisoner.

Because Plaintiff has failed to show that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, Defendants' Motion for Summary Judgment should be granted.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: __May 30, 2008__          s/Mona K. Majzoub_____
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this document was served upon Thomas Kelly and Counsel of Record on this date.

Dated: May 30, 2008                              s/ Lisa C. Bartlett
                                                 Courtroom Deputy
                                                 Lisa_Bartlett@mied.uscourts.gov
                                                 313-234-5206