**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS KELLY,

    Plaintiff,

    vs.

CIVIL ACTION NO. 08-CV-10448-DT

HONORABLE DENISE PAGE HOOD

STEVE MCLAIN,
et al.,

    Defendants.

_____/

**ORDER ACCEPTING & ADOPTING REPORT AND RECOMMENDATION
AND
GRANTING DEFENDANTS' MOTION TO DISMISS
AND
AFFIRMING ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

**I. INTRODUCTION**

This matter is before the Court on Magistrate Judge Mona Majzoub's Report and Recommendation ("R&R") filed May 30, 2008 **[Docket No. 18].** On June 13, 2008, Plaintiff filed an objection to the R&R **[Docket No. 20]**; to date, there has been no response. This matter is also before the Court on Plaintiff's Appeal of Magistrate's Denial of Plaintiff's Motion to Amend Complaint **[Docket No. 21, filed June 16, 2008]**, which seeks to reverse Magistrate Judge Majzoub's May 30, 2008 Order denying the Plaintiff's Motion to Amend Complaint.

**II. STANDARDS OF REVIEW**

    **A.    Report and Recommendation**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination

of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(B)(1). This Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### B. Rule 56(c) Summary Judgment

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). Defendant moving for summary judgment has the burden of showing absence of genuine issues as to any material fact. *Id.* Once the moving party has met its burden of production, the nonmoving party must come forward with significant probative evidence showing that a genuine issue of material fact exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment. There must be evidence on which the jury could reasonably find for the nonmoving party. *Anderson v. Liberty, Inc.*, 477 U.S. 242 (1986).

### C. *Pro Se* Standards of Review

When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). In other words, "the lenient treatment generally accorded to *pro se* litigants has limits," and *pro se* litigants are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

### D. Appeal

Local Rule 72.3 provides:

(a) Appeal of Non-Dispositive Matters – Fed. R. Civ. P. 72(a). Any party may appeal from a Magistrate Judge's order determining a motion or matter made pursuant to Fed. R. Civ. P. 72(a) within (10) days after service of the Magistrate Judge's order. Such party shall file with Clerk of Court, and serve on the Magistrate Judge and all parties, a written statement of appeal which shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto. The District Judge to whom the case was assigned shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also consider sua sponte any matter determined by a Magistrate Judge under this Rule.

The Court will reverse a magistrate judge's ruling on a non-dispositive motion only if it is clearly erroneous or contrary to law. A finding is clearly erroneous "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . The test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *JGR, Inc. v. Thomasville Furniture Industries, Inc.*, 2006 U.S.Dist. Lexis 7029, 2006 WL 456479, 1 (N.D. Ohio 2006), citing *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

In reviewing a magistrate judge's decision to determine whether it is "contrary to law," a district court is to apply the same standard the Sixth Circuit employs to review a district court's ruling on an evidentiary question, which is an "abuse of discretion" occurs when a court improperly applies the law or uses an erroneous legal standard. *United States v. Taplin*, 954 F.2d 1256, 1258 (6th Cir. 1992).

## III.   ANALYSIS

This Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees that the Plaintiff has failed to show that a genuine issue of material fact exists on the question of whether Defendants violated

his Eighth Amendment right with regard to his prison diet. Plaintiff has failed to objectively show that the pain he is allegedly suffering or may suffer is sufficiently serious.

### A. Deliberate Indifference

The Magistrate Judge recommends granting the Defendants' Motion to Dismiss because the Plaintiff has failed to demonstrate that the Defendants violated his Eighth Amendment rights. More specifically, the R&R provides that the Plaintiff's allegations, regarding his food allergy and failure to authorize diet modifications, fail to meet the objective and subjective prongs of the deliberate indifference standard. In his objection, the Plaintiff submits three reasons for rejecting the R&R: (1) the nature of the food allergy should establish the objective component; (2) the prison officials were well aware of his food allergy and the failure to remedy his diet resulted in the constitutional violation; (3) and that the Defendants were in fact authorized to alter the Plaintiff's diet, and refused to do so.

Under the Eighth Amendment, an inmate may bring a §1983 claim regarding his conditions of confinement only when he can show that there has been "deliberate indifference" to his "medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Farmer,* 511 U.S. at 832 (The Amendment [] imposes duties on these officials [to] ensure that inmates receive adequate food, clothing shelter, and medical care...") (quoting *Hudson v. Palmer,* 468 U.S. 517*,* 526-27 (1984). The Supreme Court has established a two-part test, with both a subjective and objective prong, to determine whether a prisoner's right to adequate medical care has been violated. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the deprivation alleged must be "'sufficiently serious' [in that] a[n] ... official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities,'" *Farmer*, 511 U.S. at 834. The second subjective prong requires plaintiff to show that

police or jail physicians had a "sufficiently culpable state of mind." *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). Specifically, to satisfy the subjective prong, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Comstock v. McCrary,* 273 F.3rd 693, 703 (6th Cir. 2001).

This Court agrees with the R&R in that Plaintiff has failed to establish that his pain and suffering was "sufficiently serious." Plaintiff avers that his allergies, if not monitored with a special diet, could have serious negative health consequences. However, Plaintiff has conceded that his history with food allergy reactions have "traditionally been of the milder variety." In order to satisfy the objective portion of the deliberate indifference analysis the Plaintiff must demonstrate "the existence of a 'sufficiently serious' medical need." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). The Plaintiff has failed to demonstrate that his food allergy has arisen to a violation of the Eighth Amendment. *See Cantoral v. Kyle*, No. 6:05-cv-87, 2005 U.S. Dist. Lexis 37359 (E.D. Tex. June 30, 2005) ("Allergies are not the type of medical problem that trigger the protection of the Constitution."). Contrary to the Plaintiff's claims of food deprivation, the Complaint fails to show that he suffered any serious harm or that he was deprived of any basic human need. *Moore v. Curtis*, 68 Fed. Appx. 561, 562 (6th Cir. 2003). Because Plaintiff did not present substantial evidence to support the objective component of an Eighth Amendment claim, the Magistrate Judge properly granted summary judgment to the Defendants. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Plaintiff's objection also maintains Defendants were deliberately indifferent to his allergies by not adjusting his food items accordingly. More specifically, he alleges that he suffers from food

5

allergies to pork, fish, and onions, and that he requires a special diet as a result of those allergies. Plaintiff further alleges that Defendants failed to accommodate his special dietary needs and he experienced health problems as a result of the deficiencies in his diet. This Court finds that these allegations fail to establish a claim for deliberate indifference. The Sixth Circuit has recognized that the Eighth Amendment requires prison officials to provide inmates with a diet that is nutritionally adequate for the maintenance of normal health. *Cunningham v. Jones*, 567 F.2d 653, 656 (6th Cir. 1977). Food served to inmates need not be appetizing. The Eighth Amendment merely requires that it be prepared and served in a sanitary environment and that it be adequate to meet an inmate's essential nutritional needs. *See e.g. Heinz v. Teschendorf*, No. 05-cv-73470, 2006 WL 2700813, at *8-9 (E.D. Mich. 2006); *see also U.S. v. Michigan*, 680 F. Supp. 270, 275 (W.D. Mich. 1988) ("Where food is prepared and served in a sanitary manner and is nutritionally adequate to maintain normal health, the fact that it is unappetizing will not, standing alone, state a constitutional claim"). There is evidence in the record indicating that Plaintiff has special food allergies, and has been placed on both a kosher and reflux diets in order to meet those needs.[1] However, the record does not indicate that Plaintiff was denied sufficient food to meet his basic nutritional needs; in fact, the Complaint reveals, "Plaintiff finally began receiving adequate substitutes for the food items he was allergic to around August 15, 2007, following his last grievance." Complaint p. 8. The grievances filed by Plaintiff also indicate Defendants changed Plaintiff's diet on more than one occasion under the direction of a physician, and on some occasions allowed the Plaintiff to substitute foods on the kosher line to further accommodate Plaintiff. Defendants were not authorized to change Plaintiff's

---

[1] The Complaint indicates that Plaintiff was placed on a kosher diet on April 11, 2006. Plaintiff also indicates that "[i]n accordance with his religious mandates, Plaintiff was placed on the kosher diet line around August of 2006, which addressed his pork allergy."

diet whenever Plaintiff deemed it necessary. Prison policy dictates that therapeutic diets are ordered by physicians, physician's assistants, and dentists based on the prisoner's health needs. Accordingly, the individual Defendants are entitled to summary judgment with respect to Plaintiff's claim that he was denied adequate food.

**B.     Appeal**

On May 19, 2008, Plaintiff filed a Motion to Amend Complaint **[Docket No. 17]** in an attempt to add injunctive relief by seeking an order instructing Defendants to continue honoring Plaintiff's no onion/no fish dietary restrictions. On May 30, 2008, contemporaneously with the above referenced R&R, the Magistrate Judge entered an Order denying Plaintiff's Motion to Amend the Complaint. After applying a Rule 15(a) analysis, the Magistrate Judge concluded that the Motion to Amend should be denied. The Magistrate Judge reasoned that because the Plaintiff failed to show the Defendants violated his constitutional rights, such an amendment would be futile.

The decision and order on a non-dispositive motion by the Magistrate Judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). "A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made. *United States v. United States Gypsum Co.*, 333 U.S.364, 398 (1948). After a *de novo* review of the Magistrate Judge's May 30, 2008 R&R **[Docket 18]**, and the May 30, 2008 Order denying the Plaintiff's Motion to Amend, this Court finds that the Magistrate Judge was not clearly erroneous.

**IV. CONCLUSION**

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Mona K. Majzoub

7

**[Docket No.18, filed May 30, 2008]** is **ACCEPTED** and **ADOPTED** in addition to the reasons set forth above.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgement **[Docket No. 15, filed April 28, 2008]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend **[Docket No. 17, filed May 19, 2008]** is **DENIED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Mona Majzoub's May 30, 2008 Order **[Docket No. 19, filed May 30, 2008]** is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Complaint **[Docket No. 1, filed Jan. 31, 2008]** is **DISMISSED**.


                                            S/Denise Page Hood  
                                            Denise Page Hood  
                                            United States District Judge

Dated:  October 28, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and

**Thomas Kelley** #216677,  PARNALL CORRECTIONAL FACILITY, 1780 E. PARNALL, JACKSON, MI 49201

on October 28, 2008, by electronic and/or ordinary mail.

                                            S/Lisa Ware for William F. Lewis  
                                            Case Manager